IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00729-WDM-CBS

GLENN SPAGNUOLO,

      Plaintiff,

v.

THE CITY OF LONGMONT, COLORADO,
GORDON PEDROW,
KAREN RONEY,
PATTI WEST,
JEFF FRIESNER,

      Defendants.

---

## ORDER OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

      The matter before the court is Petitioner Kenneth L. Smith's ("Petitioner")

Motion to Intervene [#7], filed May 2, 2005.  Defendants filed their Response [#14] on

May 12, 2005.  Petitioner filed his Reply [#15] on May 24, 2005.

      The court has reviewed the Motion to Intervene, the Response, the Reply, the

exhibits, the entire case file, and the applicable law and is sufficiently advised in the

premises.  For the reasons discussed below, the court denies the Motion to

Intervene.

**I.**    **Background.**

      Plaintiff Glenn Spangnuolo ("Plaintiff") filed his Complaint in this matter on April

21, 2005, under **42 U.S.C. § 1983,** alleging violations of the First and Fourteenth

Amendments to the United States Constitution. Plaintiff also filed a Motion for Temporary Restraining Order, requesting a declaration that the Defendants' actions were unconstitutional and an award of the relief sought in the Complaint. Defendants filed their Brief in Opposition to the Motion for Temporary Restraining Order on April 22, 2005, and a hearing was held before Judge Phillip S. Figa on the same date. Judge Figa denied the Motion for Temporary Restraining Order, holding that Plaintiff failed to allege any adverse employment action warranting protection under the First Amendment.

Petitioner filed his Motion to Intervene on May 2, 2005. Despite Petitioner's Unopposed Motion to Vacate Hearing [#30], filed on August 4, 2005, the court conducted a hearing on Petitioner's Motion to Intervene on August 9, 2005. The court took Petitioner's Motion to Intervene under advisement and issues the following Recommendation with respect to that motion.

## II.     Standard of Review.

Since Petitioner appears *pro se,* this court will construe liberally his pleadings and other papers, holding them to a less stringent standard than formal papers filed by attorneys. ***Hall v. Bellmon,*** 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     Motion for Intervention.

### A.     Non-Dispositive Motion.

Preliminarily, the court must determine whether Petitioner's Motion to Intervene is dispositive or non-dispositive. The jurisdiction and powers of magistrate judges are governed by **28 U.S.C. § 636**, and limited by the Constitution. **U.S. Const. art. III, §**

**1. 28 U.S.C. § 636(b)** establishes that magistrate judges may hear and determine any pretrial matters pending before the court, save for eight excepted, dispositive motions. Magistrate judges may issue orders as to non-dispositive pretrial matters. District courts review such orders under a "clearly erroneous or contrary to law" standard of review. **28 U.S.C. § 636(b)(1)(A)**. While magistrate judges may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* **§ 636(b)(1)(B) & (C)**.

The Tenth Circuit Court of Appeals has provided guidance for determining whether a motion is dispositive or non-dispositive. In *Ocelot Oil Corp. v. Sparrow Industries,* the Tenth Circuit determined that the magistrate judge's order that imposed Rule 37 sanctions aimed at striking plaintiff's pleadings was dispositive, rather than non-dispositive. 847 F.2d 1458, 1461-63 (10th Cir. 1988). The court reasoned that although discovery is a pretrial matter, and magistrate judgess have general authority to order discovery sanctions, they may not do so if those sanctions fall within the eight dispositive motions excepted. *Id.* The court considered the *res judicata* effect of the magistrate's order, and concluded that the involuntary dismissal of plaintiff's pleadings with prejudice effectively dismissed plaintiff's action. Thus, the court concluded that the magistrate judge's order constituted the involuntary dismissal of plaintiff's action within section 636(b)(1)(A), and was beyond the power of the magistrate judge. *Id.*

Here, denying Petitioner's Motion to Intervene has no similar *res judicata* effect on his future claims against either the Plaintiff or Defendants.  Therefore, Petitioner's Motion to Intervene is non-dispositive, and the court issues the following order in accordance with this finding.  ***See, e.g., id.; see also, Rhodes v. Ohse,*** 1998 WL 809510, \*1 (N.D.N.Y. 1998) (noting that § 636(b)(1)(A) does not list motions to intervene as dispositive; therefore, a motion to intervene is non-dispositive); ***U.S. v. W.R. Grace & Co.-Conn.***, 185 F.R.D. 184 (D.N.J.,1999) (noting that in the Third Circuit, a magistrate judge may hear and determine a motion to intervene, as a non-dispositive, pretrial motion, even without consent of parties); ***U.S. v. Brooks***, 163 F.R.D. 601 (D. Or.,1995) (treating a motion to intervene as a non-dispositive pretrial ruling, reviewable under clearly erroneous or contrary to law standard).

B.      FED. R. CIV. P. 24 (a)(2) & (b)(2).

Petitioner states that he is filing the Motion to Intervene pursuant to FED. R. CIV. **P. 24**, but he does not state whether he is seeking intervention of right pursuant to FED. R. CIV. P. 24(a), or permissive intervention pursuant to FED. R. CIV. P. 24(b).  The court, therefore, will proceed to analyze Petitioner's Motion to Intervene under both sections FED. R. CIV. P. 24 (a) & (b).

FED. R. CIV. P. 24(a) pertinently provides:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**F**ED. **R. C**IV. **P. 24(a).**

Accordingly, an applicant may intervene as of right if:

(1) the application is "timely";

(2) "the applicant claims an interest relating to the property or transaction which is the subject of the action";

(3) the applicant's interest "may as a practical matter" be "impair [ed] or impede[d]"; and

(4) "the applicant's interest is [not] adequately represented by existing parties." **Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior**, 100 F.3d 837, 840 (10th Cir. 1996). As to the first requirement of intervention under Rule 24(a)(2), Plaintiff and Defendants do not dispute the timeliness of Petitioner's Motion to Intervene.

As to the second and fourth prerequisites for intervention, Petitioner has confirmed that his interest is identical to the Plaintiff's in this case: to protect and reaffirm municipal employees' rights of free speech and to protect such employees from retaliation for the exercise of protected speech. **Hearing on the Motion to Intervene, August 9, 2005**. Thus, there is a "presumption of adequacy" of representation of Petitioner's interests by Plaintiff because Petitioner's interest is substantially identical to Plaintiff's. **See Id.,** at 845 ("representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties.")(citations/internal quotations omitted).

5

Finally, as to the third prerequisite under Rule 24(a)(2), Petitioner's interests will not be compromised by a ruling in this case. Petitioner conceded at the August 9, 2005, hearing that he is not an employee of the City of Longmont; that he does not live in the City of Longmont; and that he is not mounting a facial challenge to any policy, ordinance, or procedure of the City of Longmont. Rather, Petitioner expressed subjective concern of the potential chilling effect of the court's ruling in this case. However, Petitioner fails to adequately claim an interest relating to the property or transaction which is the subject of this action. Therefore, Petitioner's request to intervene as a matter of right under FED. R. CIV. P. 24(a)(2) should be denied.

Alternatively, FED. R. CIV. P. 24(b) (2) provides for intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(1). Permissive intervention is discretionary with the trial court which, in exercising that discretion, "shall consider whether the intervener will unduly delay or prejudice the adjudication of the rights of the original parties." *Degge v. City of Boulder, Colorado,* 336 F.2d 220 (10th Cir. 1964).

Here, Petitioner failed to attach a complaint in intervention to his Motion to Intervene. At the August 9, 2005, hearing Petitioner failed to set forth any claims or defenses. It is impossible to determine if any potential claims/defenses asserted by Petitioner would have a question of law or fact in common with the Complaint. The only conceivable claim that Petitioner raises in the Motion to Intervene is that he was improperly denied admission to the Colorado bar by the Colorado State Board of Law Examiners. Aside from the fact that that issue has already been addressed in prior

6

litigation, it is totally unrelated to Plaintiff's claims here. ***See Smith v. Mullarkey,*** 67 Fed. Appx. 535, 537 (10th Cir. 2003). Allowing Petitioner to intervene in a case in which he has no related interest would have no other impact than to delay these proceedings. Therefore, Petitioner's request to intervene under FED. R. CIV. P. 24(b)(2) should be denied.

Accordingly,

**IT IS ORDERED** that Petitioner Smith's Motion to Intervene [#7], filed May 2, 2005, **IS DENIED.**

**DATED** at Denver, Colorado, this 23rd day of August, 2005.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge